# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

## PRO SE PRISONER CIVIL RIGHTS COMPLAINT

**WARNING:** You cannot use this form to ask the Court to release you from prison, to shorten your sentence, or to give you back good time credits that were taken away. If that is what you want, you must use the forms for a writ of habeas corpus.

CASE NO. 10 CV 1998 JBA

FILED 2010 DEC 20 P 2:49 U.S. DISTRICT COURT NEW HAVEN, CT

PLAINTIFF(S) [Write the name(s) of the person(s) complaining]

Bennie Gray Jr.

vs.

DEFENDANT(S) [Write the name(s) of the person(s) you are suing. If you do not know a name, write "John Doe" or "Jane Doe." Include the defendant's rank or title and place of employment if you know it.]

The Connecticut Commissioner of Correction

Rev. 9/23/08

Complete every section and SIGN THE LAST PAGE. The Court cannot give you legal advice, so if you need help, you should call Inmate Legal Assistance at 1-800-301-ILAP (4527). It is a good idea to ask ILAP to review your complaint before you send it to the Court, to make sure that your allegations describe the kind of claim that you can make in federal court and minimize the risk that your case will be dismissed for failure to state a good legal claim.

**A.   JURISDICTION**

Because federal courts cannot hear every kind of claim, you must identify the law that says this court can hear your claim. There are two possibilities. Check **one**.

I can bring my complaint in federal court because I am suing:

1. _Connecticut_ State, county or city employees for violating my federal rights under 42 U.S.C. Sec. 1983/1985/1986; OR

2. _____ Federal employees for violating my federal rights under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) and 28 U.S.C. Sec. 1331.

**B.   PLAINTIFF(S)**  (THE PERSON(S) FILING THIS COMPLAINT)

If there are more than two plaintiffs, attach additional pages. Provide items a, b, and c for each additional plaintiff.

1. First Plaintiff
   a. Full Name: BENNIE GENE GRAY JR.
   b. Inmate Number: 259596
   c. Correctional facility:

2. Second Plaintiff
   a. Full Name:
   b. Inmate Number:
   c. Correctional facility:

C. **DEFENDANT(S)** (THE PERSON(S) WHOSE ACTIONS YOU ARE COMPLAINING ABOUT)

If you are suing more than six people, attach additional pages. Provide items 1, 2, and 3 for each additional defendant.

1. First Defendant
   a. Full Name: [John Doe]
   b. Rank or Title: Commissioner of Correction [Connecticut]
   c. Workplace: 24 Wolcott Hill Road., Wethersfield, CT 06109

2. Second Defendant
   a. Full Name: K
   b. Rank or Title:
   c. Workplace:

3. Third Defendant
   a. Full Name:
   b. Rank or Title:   N/A
   c. Workplace:

4. Fourth Defendant
   a. Full Name:
   b. Rank or Title:
   c. Workplace:   N/A

5. Fifth Defendant
   a. Full Name:
   b. Rank or Title:   N/A
   c. Workplace:

6. Sixth Defendant
   a. Full Name:
   b. Rank or Title:   N/A
   c. Workplace:

Rev. 9/23/08

3

D.  PREVIOUS LAWSUITS RELATED TO THIS CASE

Tell the Court if any plaintiff has filed other state or federal lawsuits involving these defendants or events. If you need more space, attach additional pages. **Provide items a-d for each case.**

1.  First Lawsuit

    a.  Court and Date filed:    N/A

    b.  Caption and Docket No.:

    c.  Briefly, what was this lawsuit about?

    d.  Did you win or lose? If you lost, did you appeal? If you appealed, what did the appeals court say?

2.  Second Lawsuit

    a.  Court and Date filed:    N/A

    b.  Caption and Docket No.:

    c.  Briefly, what was this lawsuit about?

    d.  Did you win or lose? If you lost, did you appeal? If you appealed, what did the appeals court say?

3.  Third Lawsuit

    a.  Court and Date filed:

    b.  Caption and Docket No.:    N/A

    c.  Briefly, what was this lawsuit about?

    d.  Did you win or lose? If you lost, did you appeal? If you appealed, what did the appeals court say?

E.  OTHER LAWSUITS

Tell the Court if any plaintiff has filed other federal lawsuits in this court within the past ten (10) years. If you need more space, attach additional pages. **Provide items a-d for each case.**

1.  <u>First Lawsuit</u>

    a.  Court and Date filed:

    b.  Caption and Docket No.:       N/A

    c.  Briefly, what was this lawsuit about?




    d.  Did you win or lose?  If you lost, did you appeal? If you appealed, what did the appeals court say?


2.  <u>Second Lawsuit</u>

    a.  Court and Date filed:

    b.  Caption and Docket No.:       N/A

    c.  Briefly, what was this lawsuit about?




    d.  Did you win or lose?  If you lost, did you appeal? If you appealed, what did the appeals court say?


3.  <u>Third Lawsuit</u>

    a.  Court and Date filed:

    b.  Caption and Docket No.:       N/A

    c.  Briefly, what was this lawsuit about?




    d.  Did you win or lose?  If you lost, did you appeal? If you appealed, what did the appeals court say?

F.  **REASON FOR COMPLAINT**

**WARNING: Common mistakes can get your case dismissed as frivolous or for failure to state a good legal claim. If this happens, you will still have to pay the filing fee, even if you are proceeding *in forma pauperis*. To avoid losing your filing fee, please read this information carefully and consult Inmate Legal Assistance at 1-800-301-ILAP (4527) before you file.**

1. **Failure to use the prison grievance process before suing:** You can generally only sue for events that you have already complained about through the prison grievance process. If you have not followed all the steps in the grievance process before you come to court, the defendants may be able to get your case dismissed for "failure to exhaust administrative remedies." If your case is dismissed, you will lose your filing fee.

2. **Complaining about incidents that happened a long time ago:** You can generally only sue for events that happened within the last three years. If you are suing over events that happened earlier than that, the defendants may be able to get your case dismissed under the statute of limitations. If your case is dismissed, you will lose your filing fee.

3. **Suing people who were not personally involved:** You can generally only sue defendants who were directly involved in harming you. In order to sue a supervisor, you must usually show that the supervisor both knew about the actions of other defendants and failed to stop them. Just being a supervisor usually is not enough.

4. **Suing defendants who have immunity to suit for money damages:** You generally cannot sue the following people and entities for money damages: the State of Connecticut; agencies of the state (like the Department of Correction); the United States government; the President of the United States (for actions taken while President); judges (for actions taken in connection with judicial duties); parole board officers (for actions taken in imposing parole conditions or revoking parole); prosecutors (for actions taken in performing duties integral to the criminal judicial process). If you think you have a claim for money damages against such people or entities, check with Inmate Legal Assistance first, or your case may be dismissed on the basis of immunity and you will lose your filing fee.

5. **Complaining about a criminal conviction or prison disciplinary**

proceeding that resulted in loss of good time credits or other change to your time in prison. If winning your claims "would necessarily imply the invalidity" of a criminal conviction or prison disciplinary punishment affecting the time served, then you cannot make these claims under Section 1983 unless you have already had the conviction or prison disciplinary proceeding invalidated, for example through a habeas proceeding. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

Please note that this is not a complete list of the problems you might encounter with your case. **The Court cannot give you legal advice and will not appoint a lawyer for you until it is clear that you have a good legal claim.** Until then, your best strategy is to call the Inmate Legal Assistance Program at 1-800-381-ILAP before you file a complaint. **If Inmate Legal Assistance says you do not have a good case, you should consider that advice very seriously.**

You do not need to cite to the Constitution, any statutes, or any cases. However, it is important to **be specific about dates, times, and the names of the people involved.** It is helpful to put each important fact in a separate, numbered paragraph.

If you do not know the name of the person who harmed you, call that person Defendant Doe and provide some information from which it will be possible to identify the person - for example, gender, rank and shift. If there is more than one defendant whose name you do not know, call them Defendant Doe1, Defendant Doe2, and so on.

**Here is an example of the proper way to describe your claims:**

Example of Statement of Case

1. On April 1, 2007, I fell and injured my foot during a basketball game with other prisoners.
2. After the game, I asked Defendant CO Brian Smith to let me see the nurse. Defendant CO Brian Smith told me that I could not see the nurse because it was not an emergency.
3. During the afternoon, my foot became swollen and very painful.
4. At about 5 p.m., in the presence of my cellmate Bill Bloggs, I told Defendant Lieutenant Jane Doe, who was the shift supervisor, that I needed a doctor and showed him my swollen foot.
5. Defendant Lieutenant Jane Doe brought me two Tylenol and told me that I could not see the nurse until sick call the next morning.
6. The next day, I could not get out of bed because my foot was so swollen and painful. I had to go to hospital and have an operation to fix my foot.
7. I had to take pain medication for two months after the operation and have needed a walking stick for support since that time.

Rev. 9/23/08                                  7

On <u>July 20, 2007</u> the plaintiff Bennie Gray Jr., an inmate who was confined at the Brooklyn Correctional Institution in Brooklyn, Connecticut, brought an action *pro se* for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenged his conviction for manslaughter with a firearm on the grounds that his plea was involuntary, he was afforded ineffective assistance of counsel and the state habeas court violated his right to due process. The respondent moved to dismiss the petition citing that the Federal habeas corpus statutes impose a one year statute of limitations on federal petitions for a writ of habeas corpus challenging a judgment of conviction imposed by a state court. The court concluded that the federal petition was time-barred by the federal limitations period from obtaining federal review of his claim because the limitations period had expired on December 18, 2001. With the limitation being tolled for the period during which properly filed state habeas petitions were pending the petitioner missed the filing date of a Federal habeas petition by what amounts to 38 days. The Federal court ordered the federal petition dismissed on December 19, 2007. Judgment was entered December 27, 2007. [Docket No.: 3:07 CV 1097 (PCD)].

Under Connecticut state law the Plaintiff is not bound by a limitation period to file a state habeas corpus petition. The Plaintiff was never made aware that there was a federal limitations period running against him. In Connecticut the Inmate Legal Assistance Program is forbidden to help any inmate with a civil claim arrising out of a criminal matter. This includes habeas actions attacking the constitutionality of an inmates conviction and sentencing. Connecticut Department of Corrections also does not provide access to law libraries and offers no source of alternative legal knowledge to inmates who wish to attack the constitutionallity of their conviction and sentences. The Public Defenders Office refuse to advice inmates who are *pro-se* out of fear of being held liable. Last, the Resource Centers in the state prisons do not provide up to date Federal law. These factors denied the Plaintiff access to the Federal Court to file his Federal habeas petition on time. If the Plaintiff's Federal petition was filed on time he would have been given a hearing on

-1-

the merit of his claims and judgment would have been entered accordingly.

On January 31, 2008 the Plaintiff filed a second federal petition trying to offer a reason for equitable tolling the limitation period. That petition was treated as a motion to reopen and was also dismissed on June 30, 2008 as time-barred. [Docket No.: 3:08 CV 165 (SRU)].

The Plaintiff was in the custody of the Commissioner of Correction for the state of Connecticut at all times relevant to this suit. The Commissioner of Correction has a duty to provide the Plaintiff access to the Federal court to file a petition for writ of habeas corpus. The Connecticut Commissioner of Correction has failed to discharge his duty to provide the Plaintiff with legal assistance, access to a law library, nor an alternative source of legal knowledge causing the Plaintiff to miss his filing deadline. For the reasons stated the Connecticut Commissioner of Correction has denied the Plaintiff access to the courts in violation of the U.S. Constitution.

G. REQUEST FOR RELIEF

Tell the court what kind of relief you want. **Remember:** (1) You can only get money damages for mental or emotional injury if you were also physically injured; (2) Money damages may be reduced to pay restitution to victims of your crime and fees for a court-appointed attorney, if you had one; (3) You cannot use a Section 1983 or Bivens action to request release from custody, a reduction in your sentence, or a restoration of good time credits. For any of these, you must pursue a Writ of Habeas Corpus.

1. Right to file a late Federal Petition for writ of habeas corpus.
2. Declare that the State of Connecticut's policy of denying prisoners legal assistance in habeas proceeds, limited to the filing of these actions, is UNCONSTITUTIONAL.
3. Declare that Connecticut prisoner who are pro-se have the right to adaquate research facilities and legal matter for their defense in actions attacking the constitutionality of their conviction and sentencing.

H. DECLARATION UNDER PENALTY OF PERJURY

**Warning: You must sign this** or your complaint will not be filed.

By signing this complaint, I certify under penalty of perjury that the information contained in this complaint is true and accurate to the best of my knowledge. I understand that if I lie in this complaint, I may be prosecuted for perjury, and punished with as much as five (5) years in prison and/or a fine of $250,000. See 18 U.S.C. Sections 1621, 3571.

Signature: _____

Signed at  Radgowsk, C.I.  on _____
                (Location)                            (Date)

If there are additional plaintiffs, attach another page with the name and signature of each plaintiff on it. **The complaint cannot be filed without a signature from each plaintiff.**

I.   FINAL INSTRUCTIONS

WARNING: **Your complaint will not be filed** unless you complete each of these steps.

1. Sign the Declaration under Penalty of Perjury on p. 8

2. Enclose a check for $350 (payable to "Clerk, United States District Court") **OR** a completed Application to Proceed In Forma Pauperis

3. Enclose one copy of the complaint for the Clerk's Office, one copy for each defendant, and one copy for the judge. For example, if you name *three* defendants, you must enclose *five* copies of the complaint.

4. Send all the copies of the complaint plus either your application for IFP status or your check for $350 (payable to "Clerk, United States District Court") to one of the addresses below:

   - CLERK'S OFFICE, UNITED STATES DISTRICT COURT, 915 LAFAYETTE BOULEVARD, BRIDGEPORT, CT 06604.

   - CLERK'S OFFICE, UNITED STATES DISTRICT COURT, 450 MAIN ST, HARTFORD, CT 06103

   - CLERK'S OFFICE, UNITED STATES DISTRICT COURT, 141 CHURCH ST, NEW HAVEN, CT 06510

Remember, the Clerk cannot file your complaint unless you take all of the steps above.