```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT

BENNIE GRAY, JR.
        Plaintiff,
                                              PRISONER
        v.                           CASE NO. 3:10-cv-1998(JBA)

CONNECTICUT COMMISSIONER OF CORRECTION,
        Defendant.
```

## INITIAL REVIEW ORDER

The plaintiff, Bennie Gray, Jr., is currently incarcerated at Corrigan-Radgowski Correctional Institution in Uncasville, Connecticut. He filed a complaint *pro se* under 42 U.S.C. § 1983 against the Commissioner of the Connecticut Department of Correction.[1]

Pursuant to 28 U.S.C. § 1915A(b), the Court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id*. Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial

---

[1] The plaintiff mailed the complaint to the court on December 17, 2010 and it was received on December 20, 2010.

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, \_\_\_ U.S. \_\_\_, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted).  A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,' " does not meet the facial plausibility standard.  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).  Although courts still have an obligation to liberally construe a *pro se* complaint, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir.2009), the complaint must include sufficient factual allegations to meet the standard of facial plausibility.

Plaintiff alleges that in July 2007, he filed a habeas petition in this court challenging his conviction for manslaughter.  On December 21, 2007, Judge Underhill granted the respondent's motion to dismiss and dismissed the petition as barred by the one year statute of limitations set forth in 28 U.S.C. § 2244(d)(1).

The plaintiff alleges that the Department of Correction is responsible for providing inmates with access to courts to challenge their convictions.  He claims that the Commissioner of the Department of Correction failed to provide him with access to

legal assistance or legal resources in order to enable him to learn about the statute of limitations period applicable to federal habeas petitions. The plaintiff claims that the Inmates' Legal Assistance Program is forbidden to assist inmates with challenges to their convictions, the legal resources in Connecticut prisons are out of date and the Connecticut Public Defenders' Office refuses to assist inmates "out of fear of being held liable."

After reviewing the allegations, the court concludes that the case should proceed at this time as to the claim of denial of access to the courts against the defendant in his official capacity.

## ORDERS

The court enters the following orders:

(1) The denial of access to courts claim against the Commissioner of Correction in his official capacity shall proceed.

(2) By July 25, 2011, the U.S. Marshals Service shall serve the summons, a copy of the Complaint [doc. #1] and this Order on the defendant in his official capacity by delivering the necessary documents in person to the Office of the Attorney General, 55 Elm Street, Hartford, CT 06141.

(3) **The Pro Se Prisoner Litigation Office shall** send a courtesy copy of the complaint and this Order to the Connecticut

Attorney General and the Department of Correction Legal Affairs Unit.

(4) **The Pro Se Prisoner Litigation Office shall** send written notice to the plaintiff of the status of this action, along with a copy of this Order.

(5) **The defendant shall** file his response to the complaint, either an answer or motion to dismiss by **September 25, 2011.**  If the defendant chooses to file an answer, he shall admit or deny the allegations and respond to the cognizable claims recited above.  He may also include any and all additional defenses permitted by the Federal Rules.

(6) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed by March 25, 2012.  Discovery requests need not be filed with the court.

(7) All motions for summary judgment shall be filed by April 21, 2012.

(8) Pursuant to Local Civil Rule 7(a), a non-moving party must respond to a dispositive motion within **twenty-one (21)** days of the date the motion was filed, or by May 15, 2012.  If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

IT IS SO ORDERED at New Haven, Connecticut this 11th day of July, 2011.

/s/_____
Janet Bond Arterton, U.S.D.J.