UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BENNIE GRAY, JR.,<br>    *Plaintiff*,<br>    *v.*<br>COMMISSIONER OF CORRECTION,<br>    *Defendant*. | Civil No. 3:10cv1998 (JBA)<br><br><br>May 23, 2014 |

**RULING ON DEFENDANT'S MOTION FOR RECONSIDERATION**

Defendant Commissioner of Correction moves [Doc. # 24] to restore this case to the active docket to reconsider and correct one fact in the Court's Ruling [Doc. # 23] on Defendant's Motion for Summary Judgment (the "Ruling").  For the reasons that follow, Defendant's motion is granted for this limited purpose of correcting a factual misstatement in the Ruling.

**I.      Discussion[1]**

In this action under 42 U.S.C. § 1983, Plaintiff Bennie Gray, Jr. claims that Defendant's failure to provide him with any form of legal assistance for filing federal habeas petitions while he was incarcerated resulted in his losing the opportunity for federal habeas review of his state conviction, because he had no way of learning of the operation of an amended one-year limitations period under the Antiterrorism and Effective Death Penalty Act ("AEDPA") and his petition under 28 U.S.C. § 2254 was

---

[1] The Second Circuit has explained that "[t]he major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18B C. Wright, A. Miller, & E. Cooper, *Federal Practice & Procedure* § 4478).

denied as time barred.  (Ruling at 1.)  In denying Defendant's Motion for Summary Judgment on this claim, the Court concluded that Mr. Gray had "submitted unrebutted competent evidence that if taken as true—as it must be on summary judgment—shows that he was denied access to any source of legal information needed to file a timely habeas petition."  (*Id.* at 8.)

Defendant had suggested that "plaintiff easily could have written to the clerk of the United States District Court and requested forms for a self-represented litigant" and thereby learned of the applicable statute of limitations.  (*Id.* at 12 (quoting Def.'s Mem. Supp. Mot. Sum. J. [Doc. # 17-1] at 13–14).)  In support of this contention, Defendant attached the *instructions* that accompany the referenced forms.  These instructions advised inmates:

> The law governing petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 has changed dramatically.  You should consult these statutory changes in 28 U.S.C. §§ 2244, 2253, and 2254, as amended by, Title I of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, §§ 101-106, 110 Stat. 1214 (Apr. 24, 1996).

(Information and Instructions for Filing a Petition for a Writ Of Habeas Corpus, Ex. 5 to Def.'s Loc. R. 56(a)1 Stmt. [Doc. # 17-2] ¶ 7.)

The Court rejected Defendant's argument, noting that these instructions by only referencing the statute would not have informed Mr. Gray about the timing requirements for filing in the federal courts because "[t]his form does not reference the filing deadline in any way, so even if Mr. Gray received this form, by his unrebutted evidence he had no means of knowing these changes impacted his filing deadline because Defendant

provided him with no access to updated federal statutes or legal materials, such as AEDPA." (Ruling at 12.)

Defendant now attaches the pro se habeas application form itself, as opposed to the instructions accompanying this form, which quotes 28 U.S.C. § 2244(d) in its entirety, the provision of AEDPA establishing the one-year statute of limitations (*see* Application for a Writ of Habeas Corpus Pursuant To 28 U.S.C. § 2254 by a Person in State Custody (the "Application"), Ex. 1 to Def.'s Mot. Reconsideration [Doc. # 24-1] at 20 n.1), and the Court's statement of facts in its Ruling will be corrected to reflect this distinction, replacing the term "form" in the Ruling with the corrected reference to the "Information and Instructions for Filing a Petition for a Writ Of Habeas Corpus." However, it is undisputed that Defendant did not include this Application in its record on summary judgment and discussed only the instructions related to the Application in its legal memorandum. (*See* Def.'s Mem. Supp. Mot. Sum. J. at 13–14.)

Defendant does not request reconsideration of the Court's denial of summary judgment and none is warranted as the content of the Application was not in the record before the Court.[2] Moreover, Defendant does not offer any evidence that Mr. Gray had the Application or that it was available to him in the relevant timeframe, only claiming that the form was available in the Clerk's Office and in "most" Department of Correction facilities. (Mot. for Reconsideration [Doc. # 24] at 1.) As Mr. Gray notes, there is no record of when these forms referencing the AEDPA statute of limitations were created by

---

[2] Defendant does not request that the Court take judicial notice of the Application.

the Clerk's Office or whether these particular forms were available to him at the relevant time.  (Pl.'s Opp'n [Doc. # 25] ¶ 3.)

II.    **Conclusion**

For the reasons discussed above, this case is restored to the Court's active docket and Defendant's Motion [Doc. # 24] for Reconsideration is GRANTED.


IT IS SO ORDERED.

_____/s/_____
Janet Bond Arterton, U.S.D.J.


Dated at New Haven, Connecticut this 23rd day of May, 2014.