UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BENNIE GRAY, JR., <br>     *Plaintiff*, <br>     *v.* <br> COMMISSIONER OF CORRECTION, <br>     *Defendant*. | Civil No. 3:10cv1998 (JBA) <br><br> February 22, 2016 |

**MEMORANDUM OF DECISION**

    Plaintiff Bennie Gray, Jr. brought this action under 42 U.S.C. § 1983, alleging that Defendant Commissioner of Correction ("Commissioner") violated his constitutional right of access to courts by failing to provide him with any form of legal assistance for filing federal habeas petitions while he was incarcerated. For the following reasons, the Court concludes that Plaintiff lacks standing to pursue this action and grants judgment in Defendant's favor.

**I.    Findings of Fact**

    Based on the evidence presented by the parties, as well as the parties' joint stipulation of facts [Doc. # 73], the Court makes the following findings of fact.

    On July 24, 1998, Plaintiff was sentenced in Connecticut Superior Court to ten years imprisonment execution suspended after three years for possession of heroin with intent to sell, possession of narcotics, and violation of probation. (Jt. Stip. Facts ¶¶ 6–7; *see* Mittimus Possession Conviction, Def.'s Ex. 19 [Doc. # 17-22].) Four months later, on November 17, 1998, Plaintiff was sentenced to twenty years' imprisonment for manslaughter first degree, to run consecutively to the three-year sentence. (Jt. Stip. Facts ¶ 3; *see* Sent. Tr., Def.'s Ex. 16 [Doc. # 17-19]; Mittimus Manslaughter Conviction, Def.'s

Ex. 20 [Doc. # 17-23].) Mr. Gray appealed his possession conviction on July 29, 1999, but his appeal was denied on May 1, 2001. (Jt. Stip. Facts ¶¶ 12–13; *see* Possession App. Docket, Def.'s Ex. 4.) Plaintiff did not appeal his manslaughter conviction, which became final on December 7, 1998. (Jt. Stip Facts. ¶ 14.)

Mr. Gray has filed four state habeas petitions challenging his manslaughter conviction on the grounds, among others, that his attorney was ineffective and his plea was involuntary. (*Id.* ¶ 16.) Those petitions, filed on October 28, 1999, September 11, 2000, January 25, 2002, and March 12, 2013, were all denied. (*See* Def.'s Exs. 6–15.)

Plaintiff filed his first federal habeas petition pursuant to 28 U.S.C. § 2254 on July 20, 2007, again alleging ineffective assistance and that his plea was involuntary, and additionally arguing that the state habeas court violated his right to due process. *Gray v. Comm'r Correction*, No. 3:07cv1097 (PCD) (D. Conn.). In a ruling dated December 21, 2007, Judge Dorsey denied Plaintiff's petition as time-barred, finding that it was filed well outside of the one-year statute of limitations imposed by § 2254. (Dorsey Ruling Habeas Pet., Def.'s Ex. 1.) Judge Dorsey explained that the limitations period began to run on December 7, 1998, when Mr. Gray's manslaughter conviction became final. (*Id.* at 2.) Three hundred and twenty-four days later, on October 28, 1999, Mr. Gray filed his first state court habeas petition, thereby tolling the limitations period. (*Id.* at 2–3.) The limitations period continued to be tolled while Mr. Gray filed a second state habeas petition, until November 7, 2001, when the state court's denial of the second petition became final. (*Id.* at 3.) The limitations period expired on December 18, 2001. (*Id.* at 3–4.) Judge Dorsey further noted that while "[e]quitable tolling may be applied in habeas

cases . . . in extraordinary and rare circumstances, . . . Gray has not offered any reason why the limitations period should be tolled." (*Id.* at 4.)

Plaintiff filed a second federal habeas petition under § 2254 on January 31, 2008, which the court construed as a request to reopen his first habeas action on the ground that the limitations period should have been equitably tolled. (*See* Ruling on Mot. to Reopen, Def.'s Ex. 3 at 1–2.) In support of his motion, Mr. Gray alleged that he had been denied legal assistance while incarcerated, preventing him from learning about the one-year statute of limitations on federal habeas petitions. (*Id.* at 6.) Judge Dorsey, however, found that because "[l]egal assistance for prisoners challenging their sentences in state court is provided by the Office of the Public Defender," and Mr. Gray had not shown that he could not obtain assistance from the Office of the Public Defender, he had not demonstrated extraordinary circumstances that would toll the limitations period and warrant reopening of his case. (*Id.*) Plaintiff thereafter filed a motion for reconsideration, which Judge Dorsey denied. *See Gray v. Comm'r*, No. 08cv165 (PCD) (D. Conn.), Ruling Denying Mot. Recons. [Doc. # 9].

Plaintiff five times sought leave from the Second Circuit to file a second or successive federal habeas petition, and was on all but one occasion denied on the ground that he had not satisfied the criteria set forth in 28 U.S.C. § 2244(b)[1] (the first petition was

---

[1] Under 28 U.S.C. § 2244(b), "[a]claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless – (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (B) . . . the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and . . . the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be

denied as untimely). (*See* Mandates, Def.'s Ex. 2); *Gray*, No. 08cv165 (PCD) (D. Conn.), Mandate [Doc. # 10].

Plaintiff initiated the instant suit, pursuant to 42 U.S.C. § 1983 on December 20, 2010. On March 30, 2014, the Court denied Defendant's motion for summary judgment, finding that: a reasonable factfinder could find that Plaintiff had had no way to learn of the statute of limitations; Plaintiff's claim did not fail for lack of personal involvement of Defendant; Plaintiff's claim was not precluded; and Plaintiff's claim was not moot. (Ruling Mot. Summ. J. [Doc. # 23].) With respect to mootness, the Court explained that the case was not moot because Plaintiff's injury was ongoing and it was "conceivable that declaratory relief could aid Plaintiff" in obtaining an order from the Second Circuit permitting him to file a second or successive petition. (*Id.* at 17.)

## II. Conclusions of Law

In addition to raising several arguments already rejected at the summary judgment stage regarding whether this case is precluded or moot and whether Plaintiff must show that Defendant was personally involved in the violation of his rights, Defendant now squarely raises the issue of redressability, a component of standing, which this Court finds dispositive. *See All. For Envtl. Renewal, Inc. v. Pyramid Crossgates Co.*, 436 F.3d 82, 85 (2d Cir. 2006) ("[A] district court must generally resolve material factual disputes and establish that it has federal constitutional jurisdiction, including a determination that the plaintiff has Article III standing, before deciding a case on the merits." (citing *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 101 (1998))).

---

sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense."

"Article III standing consists of three irreducible elements: (1) *injury-in-fact,* which is a concrete and particularized harm to a legally protected interest; (2) *causation* in the form of a fairly traceable connection between the asserted injury-in-fact and the alleged actions of the defendant; and (3) *redressability,* or a non-speculative likelihood that the injury can be remedied by the requested relief." *W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*, 549 F.3d 100, 106–07 (2d Cir. 2008) (internal quotation marks omitted). In order to demonstrate redressability, "[a] plaintiff need not demonstrate with certainty that her injury will be cured by a favorable decision, but she must at least make a showing that there is a substantial likelihood that the relief requested will redress the injury claimed." *E.M. v. New York City Dep't of Educ.*, 758 F.3d 442, 450 (2d Cir. 2014) (internal quotation marks omitted). The reason for the rule is self-evident: "'[a]n abstract decision without remedial consequence seems merely advisory, an unnecessary expenditure of judicial resources that burdens the adversary and carries all the traditional risks of making bad law and trespassing on the provinces of the executive and legislature.'" *Id*. (quoting Wright, et al., 13A *Fed. Prac. & Proc.* § 3531.6 (3d ed. 2008)).

Plaintiff here has not shown that there is a non-speculative likelihood that his injury—the denial of the opportunity to have his federal habeas petition decided on the merits due to Defendant's alleged violation of his constitutional right of access to the courts—will be redressed by a declaratory judgment by this Court that his constitutional rights were infringed upon. Under § 2244(b), in order for Plaintiff to obtain an order from the Second Circuit permitting him to file a second or successive federal habeas petition, he must demonstrate either that: (a) his habeas claim rests on a new rule of constitutional law made retroactive by the Supreme Court that was previously

unavailable; or (b) the factual predicate for his habeas claim "could not have been discovered previously through the exercise of due diligence"; and "the facts underlying the claim . . . would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found [him] guilty" of manslaughter." 28 U.S.C. § 2244(b)(2). A declaratory judgment from this Court that Plaintiff was denied access to the courts in order to file a timely habeas petition would not help Plaintiff satisfy either prong of § 2244, and thus is not likely to assist him in obtaining an order from the Second Circuit permitting him to file a second or successive federal habeas petition.[2]

For this reason, although it is disturbing to examine evidence that Plaintiff's constitutional right of access to the courts may have been violated by Defendant's inaction here,[3] the Court lacks jurisdiction to hear this case and to make a determination on the merits.

---

[2] Nor does this Court have the authority, as Plaintiff appears to suggest (see Pl.'s Trial Br. at 7), to order the equitable tolling of the statute of limitations in Mr. Gray's long-closed habeas case.

[3] Defendant is to be commended for having begun to take remedial steps, including ensuring that legal assistance will be available to prisoners in the future via the Inmate Legal Aid Program ("ILAP") and disseminating up-to-date habeas forms to prisoners. (See Jt. Stip. Fact ¶ 49; ILAP Contract, Def.'s Ex. 23.)

### III.     Conclusion

For the foregoing reasons, the Court concludes that Plaintiff lacks standing to pursue this action, and judgment is therefore entered in Defendant's favor. The Clerk is requested to close this case.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 22nd day of February, 2016.